IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GERALD LEE DOLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 3:06-CV-488 |
| | ) | |
| MERRI SHAND DOLL. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Application to Proceed Without Prepayment of Fees and Affidavit, filed by Gerald Doll, on December 27, 2006. For the reasons set forth below, Plaintiff's motion to proceed *in forma pauperis* as a nonprisoner is **DENIED**. The Clerk is **ORDERED** to **DISMISS** Plaintiff's complaint pursuant to 28 U.S.C. section 1915(e)(2)(B)(ii). The Clerk is further **ORDERED** to close this case.

BACKGROUND

Pro se Plaintiff Gerald Doll filed this complaint pursuant to 28 U.S.C. section 1332(a)(1) while he was a prisoner confined in Arizona. The Court granted him leave to proceed *in forma pauperis* as a prisoner, pursuant to 28 U.S.C. section 1915(b), and he has paid the initial partial filing fee. Doll has been released from

custody and now seeks leave to proceed *in forma pauperis* as a nonprisoner, and to be relieved of the obligation of paying the remainder of the filing fee.

DISCUSSION

Pursuant to 28 U.S.C. §1915(e)(2), federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant. A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1989). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989), *cert. denied*, 495 U.S. 934 (1990). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton v. Hernandez*, 504 U.S. at 32. A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d. 1025 (7th Cir. 2000).

Doll asserts that Defendant Merri Shand Doll, his father's widow, has defrauded him of monies from his father's estate. Jurisdictionally, he predicates this action on diversity of citizenship, 28 U.S.C. section 1332(a)(1), which requires that the parties be citizens of different states. Nevertheless, the complaint does not identify either party's domicile. Assertion of

2

diversity jurisdiction is insufficient where the plaintiff does not identify the parties' domicile. *Brown v. Adidas Int.,* 938 F.Supp. 628 (S.D.Cal. 1996).

At the time Doll filed this complaint, he was confined in Arizona. But that is not dispositive as to his citizenship because a prisoner does not acquire a domicile, and hence citizenship, in the place of his imprisonment — rather he retains the domicile he had prior to incarceration. *Denlinger v. Brennan*, 87 F.3d 214 (7th Cir. 1996).

To determine a plaintiff's state citizenship, courts may look to whether the plaintiff intends to return to the state in which he filed the action in the future. *See Sciesler v. Ferrum College*, 236 F.Supp.2nd 602 (W.D.Va 2002). It is clear that Doll did not intend to remain in Arizona after his release because as soon as he was released he returned to Indiana, where he now resides.

Doll has not properly pled diversity of citizenship, and the Court concludes that it cannot reasonably infer that diversity of citizenship exists. Because there is no diversity of citizenship, Doll may not proceed in this Court under diversity jurisdiction on his claim that his father's widow defrauded him.

CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* as a nonprisoner, (Docket #8), and

3

**DISMISSES** this complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Plaintiff's right to refile his claims in an appropriate state court.


**DATED:  January 25, 2007**          /s/RUDY LOZANO, Judge
                                      **United States District Court**